IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

CLARK V. CLARK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

KERI M. CLARK, APPELLANT,

V.

RICHARD J. CLARK, APPELLEE.

Filed January 7, 2020.    No. A-19-195.

Appeal from the District Court for Burt County: JOHN E. SAMSON, Judge. Affirmed.

Andrea Finegan McChesney, of McChesney Family Law Group, for appellant.

Heather L. Horst, of Walz Law Offices, P.C., L.L.O., for appellee.

PIRTLE, RIEDMANN, and WELCH, Judges.

PIRTLE, Judge.

## INTRODUCTION

Keri M. Clark appeals from a decree entered by the district court for Burt County dissolving her marriage to Richard J. Clark. Keri argues that the court should have retroactively applied Richard's child support obligation to March 1, 2017. Based on the reasons that follow, we affirm.

## BACKGROUND

Keri and Richard were married on August 27, 2005. One child was born during the marriage, Leah, born in 2007. On February 1, 2017, Keri filed a complaint for dissolution of marriage in the district court for Burt County. Prior to the Burt County dissolution action, Richard had filed a dissolution action in the district court for Douglas County in September 2015. That action was dismissed in July 2016 for lack of progression.

Trial on Keri's complaint for dissolution was held on January 24, 2018. The parties had reached an agreement on most issues and the stipulations with respect to those issues were read

into the record. The parties agreed that they would have joint legal custody of Leah and that Keri would have primary physical custody, subject to Richard's reasonable parenting time. Richard would pay $411 per month in child support minus the cost of health insurance for Leah, if health insurance was available through Richard's employer. Richard's income for child support purposes, was based on his employment with Cubby's Inc., where he worked 40 hours per week, earning $12.50 per hour or approximately $2,166 per month. The parties also agreed that because there had been no temporary child support ordered, Keri would be awarded the tax dependency exemption attributable to the minor child for 2016, 2017, and 2018, and that the 3 years of tax dependency exemptions would offset any need or any request for retroactive child support. The only issues presented to the court were summer parenting time and attorney fees. The court announced its decision on these matters and Keri's counsel agreed to prepare the decree.

On April 12, 2018, a hearing was held on Richard's motion to enter the decree. The court found that the decree prepared by Keri's attorney did not meet the findings of the court. Richard's attorney had prepared a decree and the court went through each paragraph of that decree and the only paragraph Keri's attorney objected to was the amount of child support. The child support calculation included a deduction of $216 per month for the cost of health insurance, reducing Richard's child support obligation from $411 to $276 per month, but Richard did not have any evidence to support the cost of health insurance. The parties agreed that the only issue the court needed to resolve was Richard's cost of health insurance for Leah.

Keri subsequently filed a motion to reopen trial evidence with respect to Richard's income, alleging that Richard had failed to disclose his earnings as a real estate agent. Following a May 10, 2018, hearing, the court granted Keri's motion to reopen trial evidence on the issue of Richard's income.

On November 5, 2018, trial was held on the issue of Richard's income. At the start of the hearing, the parties stipulated that Richard's health insurance expense for Leah is $50 per week. The parties agreed that Richard's income was the only issue before the court and that all other issues had been agreed upon.

Richard testified that he has been employed by Cubby's for two years, works 40 hours per week, and earns $12.50 per hour. He also testified that he has been a realtor for Nebraska Realty since January 2016 and was with NP Dodge for a year before that. He stated that he obtained his realtor's license in November 2014. Richard offered into evidence an exhibit showing his gross real estate income from June 28, 2016, to August 30, 2018. He also discussed the expenses he incurs as part of his real estate business, and his tax returns from 2016 and 2017 were entered into evidence.

Following trial, the court entered a decree of dissolution on January 28, 2019, finding that Richard's income for child support purposes was $3,016.77 per month, which included his income from Cubby's and Nebraska Realty. The trial court ordered Richard to pay $404 per month in child support commencing March 1, 2018.

ASSIGNMENT OF ERROR

Keri assigns that the trial court erred in failing to retroactively apply Richard's child support obligation to March 1, 2017.

STANDARD OF REVIEW

In an action for the dissolution of marriage, an appellate court reviews de novo on the record the trial court's determinations of custody, child support, property division, alimony, and attorney fees; these determinations, however, are initially entrusted to the trial court's discretion and will normally be affirmed absent an abuse of that discretion. *Blank v. Blank*, 303 Neb. 602, 930 N.W.2d 523 (2019). A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

Whether a child support order should be retroactive is entrusted to the discretion of the trial court, and we will affirm its decision absent an abuse of discretion. *Johnson v. Johnson*, 290 Neb. 838, 862 N.W.2d 740 (2015).

ANALYSIS

Keri assigns that the trial court erred in failing to retroactively apply Richard's child support obligation to March 1, 2017, which was the first of the month following the date she filed her complaint for dissolution, despite the prior stipulation because Richard acted in bad faith by purposefully withholding income from one of his jobs. Richard argues that we cannot consider the issue of retroactive child support because the issue was never presented to the trial court. He contends that Keri never asked the court in her motion to reopen evidence or at trial to vacate the parties' previous agreement that she would receive tax exemptions in lieu of retroactive child support. We disagree.

At the November 8, 2018, trial, Keri's attorney indicated that the agreement in regard to retroactive child support should not be enforced based on misinformation Keri had at the time the agreement was made. The court stated that it understood that Keri wanted child support retroactive to the date of filing, but that it would have to go back and look at the parties' previous agreement. At the conclusion of the November 8, 2018, trial date, the court stated that the only outstanding issue was retroactive child support. The court again indicated it needed to review the record and look at the stipulations of the parties. The court further asked Richard's attorney to prepare a decree but to leave open the decision on retroactive child support. Therefore, the record indicates that retroactive child support was an issue before the trial court after it reopened the evidence and is an issue properly before this court.

We now address Keri's argument that the court should have awarded retroactive child support. She claims that Richard fraudulently misrepresented his income by failing to disclose his real estate income. In January 2018, the parties came to an agreement on most issues including a stipulation that Keri would receive 3 consecutive years of tax exemptions to offset any need to award retroactive child support. Keri now argues that at the time she entered into the stipulation, she did not have any information about Richard's income from selling real estate. She contends that had she known what his total income was from all sources, including his income from selling real estate, she would not have entered into the stipulation regarding retroactive child support.

However, the record shows that when Keri agreed to the tax exemptions in lieu of retroactive child support in January 2018, she knew that Richard had income from his job as a realtor. Richard's deposition was taken in May 2016, when the dissolution action in Douglas

County was pending and was entered into evidence in the present action. In the deposition, Richard testified that he obtained his real estate license in 2014 and had his first listing as a real estate agent in March 2015. He also testified about the five houses he sold in 2015 and he estimated what he made from the sale of each of those properties. In addition, in Richard's answers to interrogatories from the Douglas County action, which were also entered into evidence, he indicated that his jobs included being a realtor for Nebraska Realty and that his income from that position varied because he is paid a commission on sales.

The record before us also includes Keri's admission that at the time the stipulation regarding retroactive child support was made, she knew that Richard was working as a realtor and had income from that employment. At the hearing on Keri's motion to reopen trial evidence, Keri testified that on or before January 24, 2018, the day the stipulations were read into the record, she and Richard had had conversations about Richard's real estate income in 2016 and 2017. She testified that Richard indicated he had made about $3,000 from his real estate business. Keri also acknowledged that Richard discussed his real estate income during his deposition.

The record shows that Richard was not trying to hide his real estate income from Keri nor did he fraudulently misrepresent his income. He may not have been forthcoming with the details of his income from selling real estate, but Keri was aware that such income existed. She could have compelled additional discovery about his real estate income before agreeing to the stipulation regarding retroactive child support, but she did not do so. Rather, she voluntarily, with the assistance of counsel, agreed to receive the tax exemption for 3 consecutive years in exchange for retroactive child support. Stipulations voluntarily entered into will be respected and enforced by the courts. See *Drew on behalf of Reed v. Reed*, 16 Neb. App. 905, 755 N.W.2d 420 (2008).

Keri also alleges that the child suffered damages as a result of Richard's misrepresentation of his income. There was no evidence that the minor child lacked for anything during the pendency of the case.

Whether a child support order should be retroactive is entrusted to the discretion of the trial court, and we will affirm its decision absent an abuse of discretion. *Johnson v. Johnson*, 290 Neb. 838, 862 N.W.2d 740 (2015). Based on the record before us, the trial court did not abuse its discretion in failing to order retroactive child support and, instead, enforcing the stipulation between the parties.

## CONCLUSION

We conclude that the trial court did not err in failing to order Richard to pay retroactive child support beginning March 1, 2017. Accordingly, the decree of dissolution is affirmed.

AFFIRMED.